UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN MULLINS,

    Petitioner,

v.

STEVE SINCLAIR,

    Respondent.

CASE NO. C12-5204 RBL-JRC

ORDER GRANTING PETITIONER'S SECOND MOTION TO STAY THIS PETITION AND HOLD IT IN ABEYANCE

    The District Court has referred this 28 U.S.C. § 2254 petition to the undersigned Magistrate Judge. Petitioner asks that the Court stay this matter and hold it in abeyance until the Washington State Supreme Court rules on pending motions and his issues are exhausted (ECF No. 16). This is petitioner's second motion to stay this matter and hold it in abeyance. When petitioner first brought this motion, he did not provide any information showing that he had good cause for not exhausting his claims prior to filing his petition and the Court therefore denied his motion and entered an order to show cause (ECF No. 15). Petitioner has responded to the order to show cause and renewed his motion (ECF No. 16 -18).

1     District courts may use a "stay-and-abeyance" while a petitioner exhausts his claims in
2 state court. Rhines v. Weber, 544 U.S. 269, 275-77; Calderon v. United States District Court
3 (Taylor), 134 F.3d 981, 988 (9th Cir.1998). A district court must stay a mixed petition only if:
4 (1) petitioner has "good cause" for failure to exhaust the claims in state court; (2) the
5 unexhausted claims are potentially meritorious; and (3) there is no indication that petitioner
6 intentionally engaged in dilatory litigation tactics. Rhines, 544 U.S. at 278; Jackson v. Roe, 425
7 F.3d 654, 661 (9th Cir. 2005).  In determining whether the petition should be stayed, we must
8 also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage
9 petitioners to exhaust their claims in state court before filing in federal court." Wooten v.
10 Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008), cert. denied, 129 S.Ct. 2771 (2009) (holding that
11 petitioner's "impression" that defense counsel had exhausted all of the issues in state court did
12 not fulfill the requirement to show "good cause").

13     Petitioner argues that he was delayed in filing his state petition because of an ongoing
14 investigation that had to be repeated when prison officials lost certain investigation reports (ECF
15 No. 17). Petitioner also states that his ability to file his personal restraint petition in state court
16 was hindered when he was placed in an intensive management unit and all his paperwork was
17 lost (ECF No. 17). Further, he argues that it took time to have his siblings re-mail the lost paper
18 work because it was initially rejected by prison officials as not being legal mail.

19     Petitioner has shown good cause for the delay in this case. He argues he is actually
20 innocent of the crimes for which he is imprisoned. The Court cannot determine if the claim is
21 meritorious on this record. The Court GRANTS the motion to stay this petition and hold it in
22 abeyance. The matter is stayed until December 31, 2012.

23

24

ORDER GRANTING PETITIONER'S SECOND
MOTION TO STAY THIS PETITION AND HOLD
IT IN ABEYANCE - 2

1  The stay and abeyance procedure does not mean the case is stayed for years. Petitioner
2  will file a report and a motion to extend the stay on or before December 21, 2012 -- ten days
3  before the stay ends. Petitioner will inform the Court of the status of his state proceedings. The
4  report will include the state court cause number. Further, should the state court dismiss the
5  petition or terminate review, petitioner will inform the Court and file a motion to lift the stay
6  within 30 days of the state court taking action. Petitioner's failure to file a proper report or
7  inform the Court of the termination of state review will result in the Court issuing a report and
8  recommendation that this petition be dismissed.
9  Dated this 8th day of June, 2012.

J. Richard Creatura
United States Magistrate Judge